**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CITY OF SCHENECTADY,**

              **Plaintiff,**

      v.                                                                         **1:12-CV-1026**
                                                                                **(MAD/RFT)**

**AMERICAN TAX FUNDING, LLC.,**

              **Defendant.**

---

**APPEARANCES:**                                                          **OF COUNSEL:**

CORPORATION COUNSEL                                           John R. Polster, Esq.
Jay Street
Room 201
City Hall
Schenectady, New York 12305
*Attorney for Plaintiff*

CAMARDO LAW FIRM P.C.                                         Joseph A. Camardo, Jr., Esq.
127 Genesee Street
Auburn, New York 13021
*Attorney for Defendant*

**MAE A. D'AGOSTINO, U. S. DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

On June 25, 2012, defendant American Tax Funding, LLC. ("ATF") removed this action to district court asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Presently before the Court is plaintiff's motion to remand the action to state court and for attorneys' fees and costs. (Dkt. No. 4). Defendant has opposed the motion.

## BACKGROUND[1]

On May 15, 2012, plaintiff commenced an action in New York State Supreme Court, Schenectady County with the filing of a Petition and Notice of Foreclosure. The action is entitled *In the Matter of Foreclosure of 2208-2209 Tax Liens By Proceeding In Rem Pursuant to Article 11 of The Real Property Tax Law By the City of Schenectady* (Index No. 2012-405). Plaintiff sought to foreclose against owners of approximately 700 properties with delinquent 2008-2009 tax liens. The properties were identified in a list annexed to plaintiff's petition.

According to Tadgh Macaulay, the Vice President of ATF, in 2004 and 2009, ATF entered into two Purchase and Sale Agreements with plaintiff wherein ATF purchased the bulk of the City's tax lien portfolio and acquired all collection rights and remedies, including the right to foreclose and the right to purchase subsequent liens. Macaulay avers that ATF prior to the filing of the within Notice of Petition, ATF commenced foreclosure actions on many of the same properties listed in plaintiff's petition and those actions are still pending.

Plaintiff is a municipal corporation formed and existing under the laws of the State of New York. ATF is a Florida limited liability company. The parties agree that the amount in controversy is in excess of $75,000.00.

Plaintiff argues that defendant is one of many identifiable defendants in the underlying state court foreclosure action and as defendant failed to obtain the consent of the remaining defendants, the case must be remanded to state court due to the lack of complete diversity. Plaintiff also argues that defendant's vague assertions under the Fifth and Fourteenth Amendments lack merit. Defendant contends that exceptions to the "unanimity rule" including, fraudulent joinder, apply herein because plaintiff cannot state a cause of action against the non-

---

[1] The background information is taken from the affidavits submitted in connection with the motion. These are not findings of facts by the Court.

diverse defendants in state court. Moreover, defendant argues that there is no proof in the record that the alleged non-diverse defendants have been served.

## DISCUSSION

**I.    Motion to Remand**

Federal district courts are courts of limited jurisdiction. Under 28 U.S.C. § 1332(a), a federal court has jurisdiction over the subject matter of a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).[2] "The 'party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Pollock v. Trustmark Ins. Co.*, 367 F.Supp.2d 293, 296 (E.D.N.Y.2005) (quoting *Scherer v. The Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 398 (2d Cir. 2003)).

A defendant may remove to federal court " 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309–10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)).[3] However, once a case has been removed, it must be remanded " '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id*. at 310 (quoting 28 U.S.C. § 1447). Where, as

---

[2] 28 U.S.C. § 1332 provides in part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]

[3] 28 U.S.C. § 1441 provides in part:

(a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]
(b) [An action] ... shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought.

3

here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Emp. Ret. Sys. v. WorldCom, Inc*., 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig*., 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock*, 367 F.Supp.2d at 296–97 (citation omitted).

Here, defendant based its removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is well settled that to invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, the court lacks diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). In cases where there are multiple defendants, the Rule of Unanimity requires that "all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Sleight v. Ford Motor Co.,* 2010 WL 3528533, at \*1 (E.D.N.Y. 2010) (citations omitted). There are several exceptions to the rule of unanimity that would allow for an action to be properly removed to federal court even without unambiguous consent from all defendants. *Lifschultz v. Lifschultz,* 2012 WL 2359888, at \*6 (S.D.N.Y. 2012). Federal courts are able to retain jurisdiction over a case that has been removed without the unambiguous consent of all defendants where "(1) the non-[consenting] defendants have not been served with service of process at the time the removal petition is filed; (2) the non-[consenting]

4

defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." Id. (citations omitted).

### A.     Fraudulent Joinder

When a defendant is fraudulently joined, the Rule of Unanimity may be disregarded. *Id*. Where a plaintiff challenges removal on the ground that the presence of non-diverse parties defeats federal jurisdiction, a defendant may show that the non-diverse parties have no real connection with the controversy and were "fraudulently joined" for the sole purpose of destroying diversity. *Moran v. Cont'l Cas. Co.,* 2001 WL 1717214, at *2 -3  (N.D.N.Y. 2001).  "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir.1998) (citations and footnotes omitted).  The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff. *Id*.

The defendants' burden in establishing fraudulent joinder is greater than on a motion to dismiss for failure to state a claim. *Sleight,* 2010 WL 3528533, at *1 (citations omitted).  "While the plaintiff[s'] pleadings must contain sufficient factual foundations to support any allegations against [the forum defendant], there is no requirement that plaintiff[s'] recovery in state court be reasonably likely." *Id*. (citing *Nemazee v. Premier, Inc.*, 232 F.Supp.2d 172, 178 (S.D.N.Y. 2002) ("Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted.")).  Courts in this Circuit have interpreted the *Pampillonia* language strictly. *Durove v. Fabian Transp., Inc.,* 2004

5

WL 2912891, at *3 (S.D.N.Y. 2004) (citing *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 2003 WL 1907978 at *4 (S.D.N.Y. 2003) (concluding that defendants had not shown that it was "legally impossible" for nondiverse defendant to be liable under state law)).  "[I]n order to resolve a dispute about fraudulent joinder, [the court] must engage only in a 'synoptic rather than microscopic' analysis and not an in-depth review of the merits of this case." *Texas E. Transmission Corp. v. Fidelity & Cas. Co. of New York*, 1995 WL 596155, at *2 (E.D.Pa. 1995).

In this matter, defendant argues that plaintiff's action against the non-diverse defendants cannot be maintained because defendant previously filed many foreclosure actions against "many of the 200 properties" involved in the subject action and that those proceedings are still pending in state court.  Plaintiff contends that the within foreclosure action seeks to foreclose on tax liens from 2008 and 2009 while ATF's foreclosure actions do not cover the same period of time. Defendant annexed a copy of a pleading in one of the subject foreclosure actions that is allegedly pending in state court.  Defendant contends that based upon the allegations in the complaint, "it is impossible for the City's action to be maintained when an earlier pending action has already been filed by ATF".

Defendant's conclusory assertions are insufficient to meet the onerous burden of establishing fraudulent joinder.  Defendant has done nothing more than annex a sample complaint. Viewing all factual and legal issues in plaintiffs favor, the Court finds that defendant has not met the heavy burden of proving fraudulent joiner based upon the previously filed actions.

Defendant also argues that plaintiff cannot assert any cause of action against the non-diverse defendants due to the language of the Purchase and Sale Agreements.  Specifically, defendant contends that the City does not have a legal basis to initiate foreclosure proceedings that would "cut off ATF's rights in the liens that it purchased".   Plaintiff contends that the instant

action is not covered in the underlying contract. The parties cite to Article X of the "Purchase and Sale Agreements of Delinquent Tax Liens Between the City of Schenectady, New York and American Tax Funding, LLC"[4] dated October 2004 and August 2009 which provide, *inter alia*:

> *With respect to Sold Tax Liens upon which the Buyer wishes to commence foreclosure actions or collections proceedings upon*:
>
> B)  Pursuing Collection Actions
>
> Decisions with respect to undertaking and pursuing foreclosure actions and other efforts toward collecting the Sold Tax Liens are decisions of the Buyer, and Buyer shall bear the fees, costs, expenses and responsibilities thereof.
>
> *With respect to tax Liens becoming due and payable subsequent to the Sold Tax Liens*:
>
> A)  Priorities
>
> While Sold Tax Liens shall be assigned and held by the Buyer with the priority and precedence accorded by the Statutes and the Act, the City reserves the right to enforce any such Subsequent Tax Lien not assigned to the Buyer or to a third party in any manner provided by law, but must give ATF a first right of refusal in acquiring said tax lien prior to the City selling it to a third party.

The Court will not make a ruling with respect to the interpretation of the Purchase and Sale Agreement. The Court must construe the legal and factual issues in favor of plaintiff and therefore, the Court finds that plaintiff's reading of the contract "is not so implausible as to obviate any possibility that it could maintain a cause of action". *Discovision Assoc. v. Fuji Photo Film Co., Ltd.,* 2007 WL 5161825, at *4 (S.D.N.Y. 2007) ("this conclusion does not give greater credence to either party's interpretation; rather, it leaves that determination for the state court to make on the basis of a complete evidentiary record"). Defendant has failed to establish by clear

---

[4] The agreements were annexed to defendant's answer. (Dkt. No. 7)

and convincing evidence that there is no possibility that plaintiff can state a cause of action against the non-diverse defendants.

### B. Service of Process

Defendant also claims that the Rule of Unanimity may be disregarded because plaintiff's affidavit of service does not establish that it effectuated service against the non-diverse defendants at the time the removal petition was filed. Defendant claims that the affidavit of service is upon ATF and it's counsel but that no proof of service has been filed or submitted with respect to other persons or entities.

When there are multiple defendants, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal ." *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 529 n. 3 (6th Cir.1999). A defendant not subject to state court jurisdiction through proper service of process at the time of removal is excused from the unanimity requirement. *Newkirk v. Clinomics Biosciences, Inc*., 2006 WL 2355854, at *3 -4  (N.D.N.Y. 2006) (citation omitted) (the remaining defendant was not subject to the state court's jurisdiction until the plaintiffs filed their affidavit of compliance pursuant to section 307).

Plaintiff claims that it promptly served notice on all persons and/or entities owning or having or claiming to have an interest in the subject properties. In support of service, plaintiff relies upon the assertions of counsel in paragraph 7 of his September17, 2012 affirmation submitted in response to defendant's opposition. In Paragraph 7, counsel asserts that on May 25, 2012, a mailing was made to all property owners with notice of the foreclosure proceeding. Counsel attached a copy of the "mailing list" and avers:

> A copy of the mailing list is attached Exhibit A (it will be seen that there are a number of parties that are marked with red text; those are property owners of parcels upon with ATF is now claiming interest). Each party listed (either an owner or a party with interest in the property) was sent two notices. One by regular first class mail, and one by certified mail, return receipt. The number of the certified mailing is listed for each party. Because of the number of properties involved, a single mailing, on May 25th, 2012, with a complete list was sent to ATF.

Moreover, counsel asserts that there was full publication in two newspapers as required by law.

Based upon the record herein, the Court cannot conclude that the non-diverse defendants were properly served. Counsel's assertions regarding the mailings are insufficient to establish proof of service. Counsel did not annex any of the following documentation: (1) copies of any affidavits of service on the non-diverse defendants; (2) copies of certified mailings or return receipts; (3) a copy of any public notice; or (4) the name of the newspapers or date of such notice. On June 25, 2012, defendant filed a notice of removal. At that time, plaintiff had not filed an affidavit of compliance in satisfaction of their service of process obligation as to the other defendants. Indeed, plaintiff still has not filed the proper affidavits of service. Moreover, plaintiff's arguments in support of proper service are belied by plaintiff's prior arguments regarding the fraudulent joinder. In opposition to this argument, counsel alleges that notice to ATF is sufficient on the parcels upon which ATF is now claiming interest. However, in support of lack of complete diversity, plaintiff went to great lengths to argue that each property owner is unique and that "[w]ithout obtaining their consent, or at the very lease, putting them on notice of the potential removal to Federal Court, they will have no knowledge that they must now appear in Federal Court as opposed to State Court, to protect their interest".

9

Here, based upon the record, defendant filed its removal petition prior to plaintiff properly serving the remaining defendants. Thus, defendant was not required to obtain the non-diverse defendants' consent for removal. Accordingly, plaintiff's motion to remand is denied.

However, given the limited jurisdiction of the federal court and the general "disfavor" towards removal, this Court is reluctant to exercise jurisdiction over this matter based solely upon procedural defects in plaintiff's motion. Therefore, plaintiff is permitted to renew the within motion within thirty days with proof of proper service upon the non-diverse defendants or "more meaningful evidence" to dispute defendant's contentions regarding service. *See Gonzalez v. Edelman*, 1997 WL 394953, at *1 (S.D.N.Y. 1997). Counsel is cautioned to refrain from including any arguments or discussions relating to issues resolved in this Part IA of this Order.

## II.     Motion for Costs

Plaintiff has also moved to recover costs, attorney's fees and sanctions. 28 U.S.C. § 1447( C) states that an "order remanding the case may require the payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Assessment of costs and fees against the removing defendants is within the court's discretion and does not require a finding of bad faith or frivolity. *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992). Here, the Court, in its discretion denies costs, attorney's fees and sanctions.

## CONCLUSION

**IT IS HEREBY**

**ORDERED** that plaintiff's motion to remand this matter to state court (Dkt. No. 4) is **DENIED with leave to renew within thirty days of the date of this Order**; and it is further

**ORDERED** that plaintiff's motion for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 22, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

11