**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CITY OF SCHENECTADY,**

                          **Plaintiff,**

    vs.                                                    1:12-cv-1026
                                                            (MAD/RFT)

**AMERICAN TAX FUNDING, LLC, et al.,**

                          **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**CITY OF SCHENECTADY**                 **JOHN R. POLSTER, ESQ.**
**CORPORATION COUNSEL**
City Hall
105 Jay Street, Suite 201
Schenectady, New York 12305
Attorneys for Plaintiff

**CAMARDO LAW FIRM, P.C.**            **JOSEPH A. CAMARDO, JR., ESQ.**
127 Genesee Street
Auburn, New York 13021
Attorneys for Defendant
American Tax Funding, LLC

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    This action for the foreclosure of certain tax liens was initially brought by the City of Schenectady ("City") in New York State Supreme Court, Schenectady County. On June 25, 2012, American Tax Funding, LLC ("ATF") removed this action to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Dkt. No. 1. Presently before the Court is the City's second motion to remand the action to New York State Supreme Court. *See* Dkt. No. 16.

## II. BACKGROUND[1]

Following ATF's removal of this action, the City filed a motion to remand in July 2012, arguing that there was a lack of complete diversity and that ATF's notice of removal was procedurally defective for failure to obtain the unanimous consent of all defendants as required under 28 U.S.C. § 1446. On March 22, 2013, this Court denied the City's first motion to remand, finding that "[b]ased upon the record herein, the Court cannot conclude that the non-diverse defendants were properly served." Dkt. No. 15 at 9.[2] As such, it appeared that "defendant filed its removal petition prior to plaintiff properly serving the remaining defendants. Thus, defendant was not required to obtain the non-diverse defendants' consent for removal." *Id.* at 10. Nevertheless, in light of "the general 'disfavor' towards removal" in the federal courts, the Court permitted the City to renew the motion to remand within thirty days with proof of proper service upon the non-diverse defendants. *Id.* Thereafter, on April 21, 2013, the City timely filed its second motion to remand. *See* Dkt. No. 16. On February 7, 2014, Magistrate Judge Randolf F. Treece issued an order staying this case pending settlement discussions between the parties. *See* Dkt. No. 32. On May 13, 2014, that stay was lifted as a result of the inability of the parties to reach a settlement *See* Dkt. No. 38.

## III. DISCUSSION

Federal district courts are courts of limited jurisdiction. Under 28 U.S.C. § 1332(a), a federal court has jurisdiction over the subject matter of a civil action where the amount in

---

[1] The Court assumes the parties' familiarity with the background of this case, as detailed in its March 22, 2013, Memorandum-Decision and Order, *see* Dkt. No. 15, and will discuss only those facts relevant to disposition of the pending motions.

[2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

2

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). A defendant may remove to federal court "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)).

Once a case has been removed, however, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). "Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted). Although there is a presumption that the court has jurisdiction when the matter is brought in federal court in the first instance, "[a] defendant removing a case to federal court encounters instead the general principle that removal is disfavored and remand favored." *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296-97 (E.D.N.Y. 2005) (citation omitted).

It is well settled that to invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, the court lacks diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). In addition, 28 U.S.C. § 1441(b) provides, "that an action is not removable if the district court's original jurisdiction is based on diversity of citizenship and any of the

3

defendants 'is a citizen of the State in which such action is brought.'" *Shapiro*, 412 F.3d at 310 (quoting 28 U.S.C. § 1441(b)). In cases where there are multiple defendants, the rule of unanimity requires that "all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Sleight v. Ford Motor Co.*, No. 10 Civ. 3629, 2010 WL 3528533, *1 (E.D.N.Y. Sept. 3, 2010) (citations omitted); *see also* 28 U.S.C. § 1446(b).

As noted above, the City's first motion to remand was denied on the basis that the City had not produced sufficient evidence to demonstrate that at least one non-diverse defendant (i.e., a citizen of New York) had been properly served. Thus, the sole issue before the Court on the instant motion is whether any New York state resident is a party to this action. If so, remand is warranted pursuant to 28 U.S.C. § 1332(a).

ATF contends that "the issue is the timing of the service (i.e. Was service complete at the time of removal?)." Dkt. No. 30 ¶ 3. According to ATF, the record "clearly shows that service was not effectuated at the time that ATF filed its Notice of Removal" on June 25, 2012. Recognizing that the rule of unanimity set forth in 28 U.S.C. § 1446(b)(2)(A) requires the unanimous consent to removal of all properly served defendants, ATF argues that since no non-diverse defendant was properly served at the time of removal, removal was proper and the second motion to remand should be denied.

Contrary to ATF's assertion, the rule of unanimity is not dispositive of the instant motion. ATF appears to conflate the rule of unanimity at the time of removal with the requirement that there be complete diversity for this Court to have subject matter jurisdiction. The rule of unanimity is relevant only to the availability of statutory removal – that is, whether a defendant's removal was procedurally proper by virtue of the unanimous consent of all defendants who were

properly served at the time of removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

Rather, the issue here is whether this Court has subject matter jurisdiction over the instant action. This is an inquiry that can (and must) be made at any time, on motion or sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As such, it is immaterial whether any or all of the non-diverse defendants were properly served at the time of removal. If any non-diverse defendant has been properly served by the City, at any time permissible under the relevant state statute, then complete diversity is destroyed, the Court lacks subject matter jurisdiction, and the City's motion must be granted.

Article 11 of the New York Real Property Tax Law ("RPTL") governs proceedings to foreclose a tax lien. That process begins with the filing of a list of delinquent taxes pursuant to RPTL § 1122, which provides that such list shall be filed "[t]en months after lien date, or as soon thereafter as is practicable" by "the enforcing officer of each tax district." *Id.* The lien date is "the first day of January of the fiscal year for which levied and shall remain a lien until paid." RPTL §§ 902, 1102(4). The enforcing officer is defined as "any elected or appointed officer of any tax district empowered or charged by law to enforce the collection of tax liens on real property." RPTL 1102(3). Section 1122 further requires that the list of delinquent taxes be filed "in the office of such enforcing officer, in the office of the attorney for such tax district and in the office of the enforcing officer of any other tax district having a right to enforce the payment of a tax imposed upon any of the parcels described upon such list" and "in the office of the clerk of the

5

county in which the property subject to such tax liens is situated no later than two business days after the execution thereof." RPTL § 1122(4), (7). The City has submitted an "Affidavit of Filing of List of Delinquent Taxes," executed by Ismat Alam, the City's Commissioner of Finance and Administration and enforcing officer, in which he attests that he caused the list to be filed in accordance with Section 1122 on April 24, 2013. *See* Dkt. No. 16-3.

Next, RPTL § 1123 requires the enforcing officer to "execute a petition of foreclosure pertaining to those properties which remain subject to delinquent tax liens," and that such petition "be filed with the clerk of the county in which the property is situated not later than two business days after the execution thereof." RPTL § 1123(1), (2). Here, the Petition and Notice of Foreclosure was executed on May 10, 2012, and filed with the county clerk on May 15, 2012, which is three business days after execution. *See* Dkt. No. 16-4.

Section 1123 further provides that an answer to the petition of foreclosure must be

> filed in the office of the county clerk and served on the attorney for the tax district foreclosing on or before the last day for redemption, as specified in the notice of petition. . . . In the event of failure to redeem or answer by any person having the right to redeem or answer, such person shall be in default and shall be barred and forever foreclosed from all his or her right, title and interest in and to the parcels described in such petition and a judgment in foreclosure may be taken by default as provided by this title.

RPTL § 1123(7), (8). As indicated by these provisions, a tax lien may be redeemed by payment to the enforcing officer. Such payment must be made on or before the expiration of the redemption period (i.e., the last day for redemption), which is two years after the lien date, or any later day set forth in the public notice of foreclosure. *See* RPTL § 1110. At issue here are tax liens from fiscal years 2008 and 2009. As such, the corresponding lien dates are January 1, 2009, and January 1, 2010, respectively. The end of the redemption period for tax liens in each of those years, in turn, is January 1, 2011, and January 1, 2012, respectively.

6

Following the filing of the petition of foreclosure with the county clerk, RPTL § 1124 requires public notice of the foreclosure proceeding by publication "in each of three non-consecutive weeks in a two month period in at least two newspapers." RPTL § 1124(1). Moreover, the enforcing officer must "cause a copy of such notice to be posted once in his or her office and . . . in the county court house" on or before the date of the first publication of the notice. RPTL § 1124(4). The City has submitted an affidavit from Commissioner Alam stating that the petition was posted in his office and in the county courthouse on May 15, 2012. *See* Dkt. No. 16-5. The City has also submitted evidence establishing that the notice was published in two newspapers of general circulation, pursuant to Section 1124(1), and that the first date of publication was May 18, 2012. *See* Dkt. No. 16-6.

Finally, RPTL § 1125 sets forth the requirements for personal notice of commencement of the foreclosure proceeding: "The enforcing officer shall on or before the date of the first publication of the notice above set forth cause a notice to be mailed to[, among others,] each owner and any other person whose right, title, or interest was a matter of public record as of the date the list of delinquent taxes was filed[.]" RPTL § 1125(1)(a). Such notice is to be sent to each party by both certified mail and regular first class mail, and is "deemed received unless both the certified mailing and the ordinary first class mailing are returned by the United States postal service within forty-five days after being mailed." RPTL § 1125(1)(b). The City has submitted an exemplar of the Personal Notice of Commencement that it attests was sent to each delinquent property owner pursuant to Section 1125. *See* Dkt. No. 16-7. The affidavits of mailing submitted by the City indicate that the certified mailings were made on May 19, 2012, and the regular first class mailings were made on May 21, 2012. *See* Dkt. No. 16-8.

Upon careful consideration of the record, the Court finds that the City has presented sufficient evidence demonstrating that it has properly served at least one non-diverse defendant that is a proper party to the underlying foreclosure action, pursuant to RPTL. For example, the City's documentation shows that a certified mailing of the notice of petition was mailed to KA Development LLC on May 19, 2012, with respect to properties 39.82-2-16.1 and 39.82-2-44.2, and that receipt of such mailings was thereafter confirmed by return receipt. *See* Dkt. No. 16-9 at 6; 16-10 at 1; 16-11 at 33, 35. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). According to records maintained by the New York State Department of State (of which the Court may take judicial notice pursuant to Fed. R. Evid. 201, *see Starke v. United Parcel Service, Inc.*, 898 F. Supp. 2d 560, 563, n.1 (E.D.N.Y. 2012)), KA Development LLC is a New York corporation. *See* http://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid=2762998&p_corpid=2736400&p_entity_name=ka%20development&p_name_type=A&p_search_type=BEGINS&p_srch_results_page=0. Thus, for the purposes of the jurisdictional analysis, KA Development LLC is a citizen of New York. Because the City, a New York municipal corporation, and KA Development LLC are both New York citizens, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).[3]

ATF takes issue with the City's performance of the requirements of the RPTL. ATF first complains that the City did not strictly comply with the statutory deadlines set forth in the RPTL.

---

[3] There is little doubt that many of the other defendants are also New York citizens, particularly in light of the fact that they own or otherwise hold an interest in property located in the City of Schenectady, New York. The Court is not obligated, however, to examine the citizenship of each defendant to this action because only one New York State citizen is required to destroy complete diversity and deprive the Court of subject matter jurisdiction.

*See* Dkt. No. 30. Specifically, ATF notes that the petition and notice of foreclosure was filed three business days after execution, rather than two business days as required under RPTL § 1123(2)(a). ATF further claims that Commissioner Alam's Affidavit of Filing and Posting of Petition and Notice of Foreclosure does not specifically indicate the date when such postings were made, despite several references in that document to the date of May 15, 2012. ATF also notes that the personal notices were mailed on May 19 and May 21, 2012, one and three days after the May 18 date of first publication, rather than on or before the date of first publication as required by RPTL § 1125(1)(a). The City concedes that it did not perform certain acts of publication and personal service of notice of the foreclosure petition within the specified time set forth in the RPTL. *See, e.g.*, Dkt. No. 23-1 ¶ 8. However, under the RPTL failure to abide by those deadlines does not operate to undermine the ability of a lienholder to foreclose on a lien:

> All provisions with respect to the procedure for the enforcement of tax liens requiring acts to be done at or within or before specified times or dates, except provisions with respect to length of notice, *shall be deemed directory* and failure to take such action at or within the time specified shall not invalidate or otherwise affect such tax lien nor prevent the accruing of any interest or penalty imposed for the non-payment thereof, nor prevent or stay proceedings under this article for any of the remedies for collection thereof in this article provided, nor affect the title of the purchaser under such proceedings.

RPTL § 1160(2) (emphasis added). Based upon this provision, New York courts have found the timing provisions of the RPTL to be directory, rather than mandatory. *See, e.g.*, *Cerro v. Washington Cty. Bd. of Supervisors*, 247 A.D.2d 726, 728 (3d Dept. 1998).

ATF next contends that the deadlines under the RPTL at issue here are not directory because they come within the caveat set forth in Section 1160 for "provisions with respect to length of notice." *See* Dkt. No. 31 at 1 (arguing that the procedural prerequisites for service are not directory functions, but instead "go right to the issue of length of service, cutting into

9

answering deadlines, thereby violating due process"). There is a dearth of legislative history and case law defining the scope of this exception and which provisions of the RPTL relate to the length of notice. Nevertheless, it does not appear that the City's failure to abide by the deadlines worked to "cut into the number of days to respond to the Petition, violating the statute [and] due process," Dkt. No. 31 at 6, as ATF contends. First, as discussed above, the lien dates for the delinquent fiscal year 2008 and 2009 property taxes are January 1, 2009, and January 1, 2010, respectively. As such, each delinquent property owner was statutorily entitled to redeem the tax lien by January 1, 2011, and January 1, 2012, respectively. In its Petition and Notice of Foreclosure, the City set a deadline to answer the petition or redeem the tax lien by August 30, 2012, *see* Dkt. No. 1-1 at 2, thereby extending the redemption period for 2008 tax liens by twenty months and for 2009 tax liens by eight months. As such, it cannot be said that the City's delay in publication (one business day) and personal service (one to three business days) of the petition and notice deprived any property owner of an opportunity to answer or redeem, where the City extended the last day for redemption beyond the statutory minimum. *See* RPTL §§ 1110(2), 1123(7).

In addition, a fundamental rule of statutory construction when construing statutes under the same legislative act is that "[a] statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent." McKinney's N.Y. Statutes § 97. The RPTL provides that if personal service is not completed by certified or first class mail, and is instead made by mailing to an alternative address or physical posting on the property in question, the respondent is permitted thirty days from such alternative service or posting, or until the last day for redemption, whichever is longer, to redeem the lien or answer the petition. *See* RPTL § 1125(1)(b). Therefore, it appears that the intent of the length of

notice provisions is to provide a minimum of thirty days to respond to the notice of foreclosure. Since the City's inconsequential delays in publishing and personally serving the notices of foreclosure ultimately netted a period of over three months in which to answer or redeem, the Court finds no violation of the "provisions with respect to length of notice."

Finally, ATF complains that the personal notices were defective because they were not personally caused to be mailed by the enforcing officer, Commissioner Alam, as required by RPTL § 1125. The affidavits of mailing submitted by the City were executed by third-parties employed by the City to assist with the collection of delinquent taxes. ATF claims that "the record is devoid of any proof that Tower Capital was employed to effectuate the service contemplated by Article 11 of the RTPL," and "[n]either affidavit represents that the enforcing officer (i.e. Ismat Alam) had caused the mailing." Dkt. No. 30 ¶¶ 25, 27. This argument is unpersuasive. The provisions of Article 11 of the RPTL are concerned with ensuring adequate notice to delinquent taxpayers prior to the foreclosure of tax liens, not with technical compliance with its commands. *See Matter of City of Troy v. Garner*, 257 A.D.2d 711, 712 (3d Dept. 1999) ("In light of the purpose behind RPTL former 1122 and 1124 – to ensure that proper notice and an opportunity to be heard is given to delinquent taxpayers – we find the requirement that the Treasurer personally perform these tasks to be directory only, and intended only to instruct and guide municipalities to insure procedural regularity and uniformity.") (citations omitted)*; City of Yonkers v. G.H. Clark & Son, Inc.*, 159 A.D.2d 535, 536 (2d Dept. 1990) ("[W]hile it is true that the City did not comply strictly with RPTL 1128 insofar as the affidavit of notice filed with the County Clerk was made by a person not actually involved in the mailing of the notices of foreclosure but rather by the Comptroller, the requirement set forth in the statute is directory and

not mandatory in nature.  Accordingly, noncompliance is not a jurisdictional defect and the foreclosure action is not thereby rendered invalid.").

The Court has considered ATF's remaining arguments with regard to the procedural adequacy of the City's notice and finds them to be meritless.  The Court notes that in the underlying state court action from which this action was severed, the City presented an identical factual record with respect to publication and service of notice to the Hon. Barry D. Kramer of New York State Supreme Court in a motion for default judgment as to the properties not at issue here, which motion was granted.  *See* Dkt. Nos. 23-1, 23-2.  Thus, each of the issues raised by ATF here was before the state court and resolved in favor of the City.  Although the determination of the state court is not binding on this Court, it is nevertheless persuasive.  Moreover, to the extent that the foregoing analysis of state law is incorrect and, by extension, the state court improperly awarded default to the City, the appropriate forum for resolution of these issues is the appellate courts of New York State.

Accordingly, the City's second motion to remand is granted.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's second motion to remand (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that this case is remanded to the New York State Supreme Court for Schenectady County; and the Court further

**ORDERS** that the Clerk of the Court is instructed to close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge